UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

UNITED STATES OF AMERICA Plaintiff

v. Criminal Action No. 4:18-cr-00024

CHRISTOPHER D. CLINE Defendant

* * * * *

**MEMORANDUM OPINION & ORDER**

Defendant Christopher D. Cline ("Cline"), pro se, moves to "Amend Presentence Investigation Report" which the Court interprets as a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) for retroactive application of Amendment 821 of the Federal Sentencing Guidelines. [DE 75]. For the reasons below, the Court **DENIES** Cline's request for sentence reduction.

## I. BACKGROUND

Cline was charged and pled guilty to felon in possession of a firearm in violation of 18 USC 922(g) and 924(a)(2) (Count 1); possession of a firearm in furtherance of drug trafficking in violation of 18 USC 924(c)(1)(A) (Court 2); and possession with intent to distribute methamphetamine in violation of 21 USC 841(a)(1) and (b)(1)(A)(viii) (Court 3). [DE 45 at 178]. On June 10, 2019, Cline was sentenced by then District Judge Joseph McKinley to a term of 120 months as to Count 1 and 151 months on Count 3 in the Indictment, to be served concurrently with each other, and 60 months on Count 2, which shall be served consecutively to the terms imposed on Counts 1 and 3, for a total term of 211 months imprisonment. [DE 45 at 179].

The Presentence Investigation Report ("PSR") found an offense level of 31, a criminal history category of IV, and a Guideline imprisonment range of 188-235 months for Counts 1 and

3. Count 2 carried a mandatory minimum 60 months consecutive, making the adjusted Guideline range 248-295 months. [DE 42 at 167]. As calculated in the PSR the criminal history points in paragraphs 54 through 63 total 13, but paragraph 64 explains that only four points can be counted under United States Sentencing Guideline ("U.S.S.G.") § 4A1.1(c), making the subtotal 12. [DE 42 at 162]. Paragraph 65 then explains that 2 more points are added pursuant to U.S.S.G. § 4.A1.1(d), making the total 14 points. [*Id.*].

On December 4, 2025, Cline moved for a correction of his PSR for a "clerical error" asserting that his criminal history points were improperly calculated. [DE 73]. This motion was denied by Judge McKinley, finding no miscalculation. [DE 74].

Cline is currently serving his sentence at FCI Greenville. *See* Bureau of Prisons Inmate Locator website, https://www.bop.gov/inmateloc/ (last visited October 14, 2026). Cline is set to be released June 27, 2034. *Id*.

Cline now moves for a reduced sentence for retroactive application of Amendment 821 of the Federal Sentencing Guidelines to his status points or, in the alternative, for reconsideration of his sentence based on the added departure language in the amended U.S.S.G. § 4A1.3 application note in which points for possession of marijuana could be considered as a reason for a downward departure. [DE 75].

## II. ANALYSIS

On April 27, 2023, the United States Sentencing Commission ("USSC") submitted to Congress Amendment 821, which became effective November 1, 2023. Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. "Status points" are those points that were applied under

then U.S.S.G. § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors.

Deciding a motion for retroactive application of Amendment 821 under 18 U.S.C. § 3582(c)(2) requires two steps. First, the Court determines whether the defendant is eligible for relief under the amendment, and then it must consider whether reducing the sentence is supported by the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing § 3582(c)(2)). Even if a reduction is authorized under § 1B1.10 of the Guidelines, the Court must determine whether consideration of the 18 U.S.C. § 3553(a) factors indicate a reduction is warranted. *Id.* at 826. "[D]istrict courts are empowered to provide process and to consider resentencing factors as they see fit." *United States v. Boulding*, 960 F.3d 774, 783 (6th Cir. 2020). While the District Court must consider "all [of] the . . . factors," it has "discretion [to] plac[e] more 'weight on one factor' because the particular facts in [a] case warrant[ ] doing so." *United States v. Adkins*, 729 F.3d 559, 572 (6th Cir. 2013) (citation omitted). "While a district court need not explicitly . . . recite a list of [the § 3553(a)] factors, it must provide a reasoned explanation for its choice of sentence [that is] sufficiently thorough to permit meaningful appellate review." *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006).

In his motion, Cline specifically invokes the retroactive changes to status points in Part A of Amendment 821. Applying the guidelines in effect at sentencing, Cline received two status points under § 4A1.1(d). [DE 42 at 162]. As a result, Cline had a total of 14 criminal history points resulting in a criminal history category VI. [*Id.*].

Applying the retroactive changes in Amendment 821, Cline gets only one status point rather than two status points. USSG § 4A1.1(e). His new criminal history score is 13 rather than 14. Yet, Cline's criminal history category does not change. Criminal history scores of 13 or more all result in a criminal history category VI. As a result, Cline's guideline range remains the same, and the Court finds Cline ineligible for sentence modification under 18 U.S.C. § 3582(c)(2). *See United States v. Isham*, No. 1:21-CR-70, 2024 WL 3373080, at *2 (W.D. Mich. July 10, 2024); *United States v. Amelia*, No. 1:17-CR-122-01, 2024 WL 1908961, at *1 (W.D. Mich. May 1, 2024) (finding defendant ineligible for a sentence reduction "[a]fter applying the recent guideline amendment, Defendant's status points decrease from two to one. Defendants with a criminal history score of 13 or more have a criminal history category VI. Therefore, the reduction in criminal history points from 16 to 15 would not change Defendant's criminal history category.").

In the alternative, Cline asks for reconsideration of his sentence based on the added departure language in the amended U.S.S.G. § 4A1.3 application note related to his convictions for marijuana possession. Cline asks the Court to completely remove the points for his prior cases involving possession of marijuana from his criminal history score. Amendment 821 added an explicit provision to the Commentary / Application Notes of USSG §4A1.3, specifically, Application Note 3(B)). These amendments became effective November 1, 2023. Application Note 3(B) states that a downward departure from the calculated criminal history category may be warranted if a defendant received criminal history points from a prior sentence for possession of marijuana for personal use without an intent to sell or distribute.

As an initial matter, U.S.S.G. § 4A1.3 and its application notes were deleted from the guidelines effective November 1, 2025. Cline did not file his motion until January 20, 2026, after

this application note was already deleted. Thus, this is not an amendment the Court would apply retroactively as it is no longer included in the Guidelines.

Additionally, Cline asks the Court to completely remove the points for his prior cases involving possession of marijuana from the calculation of his criminal history. Yet, the U.S.S.G. § 4A1.3 application note did not state that these points were not applicable or not to be counted, it merely indicated that the nature of these convictions may be a reason to depart downward. The Court was aware of the nature of these convictions at the time of sentencing and had the ability to vary downward if the court believed the criminal history was overstated because of these convictions and chose not to.[1]

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Because that language has been removed from the Guidelines altogether and there are no other statutory grounds for a sentence reduction, the Court has no grounds for reconsideration of Cline's sentence.

## III. CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, a sentence reduction under Amendment 821 is inappropriate, and Cline's request for sentence reduction [DE 75] is **DENIED**.

[1] The Court discussed Cline's criminal history at sentencing, noting that that he understood some of the charges were from when he was "young and dumb," (referring to possession of marijuana charges from age 19 and numerous other charges while Cline was a juvenile as young as age 11). Yet, the Court also noted that Cline "had quite a criminal history," and that part of that history was "similar type convictions," which the Court noted "tells me that . . . you're 37 years old and you've continued to engage in this type of behavior . . . it tells me you haven't been deterred yet by any kind of sentence . . ." The Court concluded then that Cline had not been deterred by any sentence previously imposed. As such, the Court found the continued commission of the same crime a motivating factor for the sentence and not the nature of those crimes.

Rebecca Grady Jennings, District Judge
United States District Court

October 16, 2026